68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary BREWER, Defendant-Appellant.
 No. 94-6312.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 Before: JONES and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant-appellant, Gary Brewer, pleaded guilty to a charge of aiding and abetting the interstate transportation of stolen goods and was sentenced to 65 months in prison. Brewer was also sentenced to three years on supervised release and was ordered to pay a special assessment of $50.00. On appeal, the defendant now contends that the district court incorrectly enhanced his sentence by four levels, having determined that he was a leader or organizer of the criminal activity. Additionally, he contends that the district court misapplied the sentencing guidelines when it enhanced his sentence by an additional two levels for engaging in more than minimal planning and for his role in the offense. The government concedes that this double-enhancement is improper, under United States v. Romono, 970 F.2d 164 (6th Cir. 1992). For this reason, the case must be remanded to the district court for resentencing.
 
 
 2
 The only question upon remand is whether the defendant's sentence is more properly subject to enhancement under USSG Sec. 3B1.1(a), for acting as "an organizer or leader of a criminal activity that involved more than five people," or under Sec. 1B1.1, for criminal activity involving "more than minimal planning."
 
 
 3
 Gary Brewer pleaded guilty to possession of stolen aluminum stock being transported in interstate commerce, in violation of 18 U.S.C. Secs. 659 and 2. At the sentencing hearing, four individuals who assisted Brewer in the commission of the crime testified to Brewer's leadership role in the offense. This testimony established that Brewer recruited and paid accomplices, located trailer loads of aluminum to be stolen, directed and accompanied accomplices to the pick-up points, selected locations for unloading the stolen aluminum, provided the tools used to cut it up into sheets for resale, and directed and accompanied the accomplices to the places were the empty trailers were to be abandoned. Furthermore, by requesting that all checks be issued to one of his accomplices, who would then turn over the cash to him, Brewer arranged a method of payment which would not implicate him in the crime. Brewer also told one of his cohorts that he had made $100,000 from the venture.
 
 
 4
 There is no dispute that the offense involved five or more people. Brewer does insist, however, that the government failed to prove by a preponderance of the evidence that he was a leader or organizer of the criminal activity. He argues that the testimony of his accomplices was uncorroborated and thus should not have been taken as true by the district court due to the accomplices' tendency to minimize their own involvement in the crime.
 
 
 5
 Whether Brewer was a leader or organizer is a question of fact which this court reviews under the clearly erroneous standard, giving due regard to the trial court's assessment of the credibility of the witnesses. 18 U.S.C. Sec. 3742(e) (1988); United States v. Barrett, 890 F.2d 855, 867 (6th Cir. 1989). In this case, we find no valid basis for disturbing the district court's determination that the defendant's sentence should be increased four levels under USSG Secs. 3B1.1(a).
 
 
 6
 It follows that the two-level enhancement for "more than minimal planning" under Sec. 2B1.1(b)(5)(A) was error and that the case must be REMANDED for resentencing at an offense level of 17.
 
 
 
 *
 The Hon. Gerald B. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation